UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 24-CV-0493-CVE |
| ) | (<u>BASE</u> <u>FILE</u>) |
| and ) | |
| ) | Consolidated with: |
| CHEROKEE NATION, and ) | Case No. 25-CV-0028-CVE |
| CHOCTAW NATION OF OKLAHOMA, ) | |
| ) | |
| Intervenor Plaintiffs, ) | |
| ) | |
| and ) | |
| ) | |
| MUSCOGEE (CREEK) NATION, ) | |
| ) | |
| Consolidated Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CAROL ISKI, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court are Brian Scott's pro se motion to intervene (Dkt. # 19)[1] ("the motion") and application for joinder as petitioner (Dkt. # 20) ("the application"), defendant's responses to the motion (Dkt. # 34) and application (Dkt. # 35), plaintiff United States' response in opposition to the

---

[1] To his motion Scott attached two pages of a state response brief in one of his post-conviction proceedings (Dkt. # 19-1), a single page of a transcript of a state court proceeding (Dkt. # 19-2), one page of a response to Scott's Freedom of Information Act and/or Privacy Act request for records directed to the Eastern District of Oklahoma United States Attorney's Office (Dkt. # 19-3), a state court information against Scott with a post-it note affixed (Dkt. # 19-4), an email sent to state district attorneys by state attorneys pertaining to <u>Murphy v. Royal</u>, 866 F.3d 1164 (10th Cir. 2017), <u>amended and superseded on denial of rehearing en banc by</u> 875 F.3d 896 (10th Cir. 2017), (Dkt. # 19-5), and an email from an acting U.S. Attorney to state district attorneys located within the federal Eastern District of Oklahoma (Dkt. # 19-6).

motion (Dkt. # 36),[2] and Scott's "traverse response" (reply) to the United States and defendant's responses (Dkt. # 42).[3] As plaintiff proceeds pro se, the Court liberally construes his pleadings. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002). The Court finds that Scott fails to meet the requirements for intervention or joinder.

In Scott's motion, he states that he is "an enrolled member of Muscogee (Creek) Nation . . . [who] was convicted of a crime committed within the boundaries of the Muscogee (Creek) Nation reservation in the County District of Okmulgee [case numbers] CM-1999-716/HCF-2000-5044 . . . ."[4] Dkt. # 19, at 1. The Court has reviewed the state court docket sheets for both cases.[5] In 1999, Scott pleaded guilty to driving under suspension in case number CM-1999-00716. In 2001, in case number H-CF-2000-05044, a jury found Scott guilty of first degree burglary, forcible sodomy,

---

[2]  In its response to the motion, the United States states that, "[f]or these same reasons, the Court should deny [Scott's] 'application for joinder as petitioner,' in which he seeks the same relief as in his [m]otion to [i]ntervene." Id. at 1 n.1.

[3]  To his reply Scott attached a certificate of achievement (Dkt. # 42-1), two certificates of completion (Dkt. ## 42-2, 42-3), a 2017 notice that he filed for post-conviction relief (Dkt. # 42-4), and an "affidavit for criminal conspiracy" that he filed in 2025 (Dkt. # 42-5).

[4]  Scott uses upper and lower case letters interchangeably. For ease of reading, the Court adopts the proper case when quoting Scott's writing.

[5]  The Court may take judicial notice of Scott's state proceedings. Zimomra v. Alamo Rent-A-Car, Inc., 111 F.3d 1495, 1503 (10th Cir. 1997) ("Federal Rule of Evidence 201 authorizes a federal court to take judicial notice of adjudicative facts at any stage of the proceedings, and in the absence of a request of a party."); St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp., 605 F.2d 1169, 1172 (10th Cir. 1979) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."). The Court cannot find a case in which Scott was the defendant under case number HCF-2000-5044. However, the Court located case number H-CF-2000-05044 in which Scott was charged as the defendant in Okmulgee county, and the Court infers that Scott refers to this case when citing case number HCF-2000-5044.

assault and battery with a dangerous weapon, unauthorized use of a motor vehicle, assault and battery upon a police officer, and malicious injury to property, and the court sentenced him to a term of imprisonment.[6]  Scott v. State, F-2001-998 (Okla. Crim. App. Sept. 26, 2002) (denying Scott's petition for rehearing and listing the counts as to which the jury found Scott guilty in CF-2000-5044) (unpublished).  As to his 2001 felony conviction, Scott alleges that:

> [Defendant] told the court that if I'm released that I would go free because the statute of limitations has expired . . . [and] the original reason a stay on my release was put in place was to notify the tribal/federal authorities . . . . But as to date, the United States Attorney's office(s) for the Eastern District of Oklahoma has received no responsive records from Okmulgee County case no. HCF-2000-50[7] . . . . This is prosecutorial conspiracy . . . . [Defendant] has violated the 1832 treaty with the Creeks, 7 Stat. 366, Art. 14[]; and the laws of the United States 18 U.S.C. § 1151, 1152 and 1153, injury to the Muscogee (Creek) sovereignty cannot be condoned.

Dkt. # 19, at 1-2.  Scott alleges in his reply that defendant "failed to follow the stare decisis of McGirt; the 1832 Treaty with the Creeks 7 Stat. 366, Article 14; and the Supremacy Clause of the United States Constitution Article VI § 2, cl. 2, for these laws supersedes the state ruling in ex rel. Matlaff [sic] v. Wallace, 497 P.3d 686 (OK Cr., Aug. 12, 2021), at 691-92[.] Thus, those convictions

---

[6]     The jury also found Scott guilty of kidnapping to hold for service.  Scott v. State, F-2001-998, at 2 n.1 (Okla. Crim. App. Sept. 26, 2002).  However, the Oklahoma Court of Criminal Appeals "reversed with instructions to dismiss" that count.  Id.

[7]     The Court also could not find a case in which Scott was the defendant under case number HCF-2000-50.  The Court again infers that Scott intended to cite case number H-CF-2000-05044.

that were final when the new rule was announced cannot be barred." Dkt. # 42, at 6. Scott does not state what relief he seeks if the Court permits him to intervene or join the case.[8]

The Court first considers whether Scott meets the requirements for intervention as of right or with the Court's permission. A party seeking to intervene as of right must show that "(1) the application is 'timely[;'] (2) 'the applicant claims an interest relating to the property or transaction which is the subject of the action[;'] (3) the applicant's interest 'may as a practical matter' be 'impaired or impeded[;'] and (4) 'the applicant's interest is not adequately represented by existing parties.'" United States v. Albert Inv. Co., 585 F.3d 1386, 1391 (10th Cir. 2009) (quoting Utah Ass'n of Cntys. v. Clinton, 255 F.3d 1246, 1249 (10th Cir. 2001)); FED. R. CIV. P. 24(a). Defendant argues that Scott's interests have been protected and addressed through the state court system. Dkt. # 34, at 2. The United States argues that Scott lacks an interest that could be adversely affected in this action, and any interest he has is adequately represented by the United States. Dkt. # 36, at 1, 2-6. However, defendant and the United States do not argue that Scott's motion is untimely, and the Court assumes for the purpose of this analysis that Scott timely filed his motion.

"[T]he question of impairment is not separate from the question of existence of an interest." Utahns for Better Transp. v. U.S. Dep't. of Transp., 295 F.3d 1111, 1116 (10th Cir. 2002) (quoting Utah Ass'n of Cntys., 255 F.3d at 1253). Therefore, the Court will consider elements two and three

---

[8] Scott also states that "several other tribes . . . have filed multiple briefs in this case. My tribe (Muscogee (Creek) Nation[)] has not. I must therefore represent my tribe's interest. I am qualified to represent my tribe." Dkt. # 42, at 5. However, a pro se litigant cannot represent other litigants in federal court. See 28 U.S.C. § 1654; Fymbo v. State Farm Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000). Therefore, the Court construes Scott's motion as Scott seeking to intervene to bring claims only on his own behalf and construes Scott's arguments as to defendant's prosecution of Indians in Indian country as arguments pertaining to the state's jurisdiction as to his past convictions.

together. In his motion, Scott does not clearly articulate his claimed interest in this case. However, the Court infers that Scott seeks to intervene in this case to challenge the validity of his ongoing incarceration and underlying conviction. Dkt. # 19, at 1-2; Dkt. # 42, at 6.

Scott relies on the United States Supreme Court holding in McGirt v. Oklahoma, 591 U.S. 894 (2020), for his argument that defendant lacked jurisdiction to prosecute him. On July 9, 2020, the Supreme Court held that, because Congress did not disestablish the Muscogee (Creek) Nation reservation, the land within the historical boundaries of that reservation is "Indian country," as defined in 18 U.S.C. § 1151(a), and, as a result, the federal government has exclusive jurisdiction to prosecute certain crimes committed by Indians within those boundaries. McGirt, 591 U.S. 894. The Oklahoma Court of Criminal Appeals ("OCCA") held, in March 2021, that Congress did not disestablish the Cherokee Nation reservation and that reservation too is Indian country, as defined in 18 U.S.C. § 1151(a). Hogner v. State, 500 P.3d 629, 635 (Okla. Crim. App. 2021), overruled on other grounds by Deo v. Parish, 541 P.3d 833, 838 n.7 (Okla. Crim. App. 2023). On August 12, 2021, the OCCA reaffirmed its prior decisions recognizing the existence of several reservations, including the Cherokee Nation reservation, but held "that McGirt and [the OCCA's] post-McGirt decisions recognizing these reservations shall not apply retroactively to void a conviction that was final when McGirt was decided." State ex rel. Matloff v. Wallace, 497 P.3d 686, 689 (Okla. Crim. App. 2021).

In essence, Scott seeks post-conviction relief by challenging the constitutionality of Wallace, 497 P.3d 686, and arguing that McGirt, 591 U.S. 894, should retroactively apply to his 2001 state

court conviction.[9]  Dkt. # 19, at 1-2; Dkt. # 42, at 5-6.  As to relief, the Court infers that Scott seeks a declaration that the state lacked jurisdiction to prosecute him.  Dkt. # 19, at 1-2; Dkt. # 42, at 6.  Conversely, plaintiffs[10] request declaratory and injunctive relief preventing defendant from further asserting that Oklahoma has criminal jurisdiction over Indians for conduct occurring in Indian country.  Dkt. # 2, at 1; Dkt. # 67, at 1; Muscogee (Creek) Nation v. Iski, 25-CV-0028-CVE, Dkt. # 2, at 10 (E.D. Okla.).  In other words, Scott claims an interest in voiding his past conviction (Dkt. # 19, at 1-2), whereas plaintiffs claim interests in defending their sovereignty from defendant's current and future prosecutions (Dkt. # 2, at 1; Dkt. # 67, at 1; Muscogee (Creek) Nation, 25-CV-0028-CVE, Dkt. # 2, at 5-6).  Therefore, Scott does not claim an interest relating to the transaction which is the subject of this action—defendant's current and future prosecutions.  Further, regardless of which party ultimately prevails, the Court's rulings will not impair or impede Scott's interest because the retroactive application of McGirt is not before the Court, and, "[i]n this circuit, a prisoner who challenges the fact or duration of his confinement and seeks immediate release or a

---

[9]  The Court recognizes that Scott states that he is "not seeking any further post-conviction relief because a second subsequent post-conviction is not allowed, see OK St. T. 22 § 1086."  Dkt. # 42, at 6.  He claims that he has "significant interests at stake . . . . Movant has children and grand children who's [sic] rights are being violated by an overzealous prosecutrix."  Dkt. # 42, at 8.  He also claims that he has a "specific" interest because of his "unique knowledge of the inter-workings [sic] of the prosecutrix . . . ."  Id. at 2.  However, as the Court explained above, Scott cannot represent the Muscogee (Creek) Nation in this action, and he cannot claim an interest in this action based on a speculative violation of his children's or grandchildren's rights or his unique knowledge.

[10] The Court refers to the United States, the Cherokee Nation, the Choctaw Nation of Oklahoma, and the Muscogee (Creek) Nation as "plaintiffs."  All plaintiffs, with the exception of the Muscogee (Creek) Nation, also request declaratory and injunctive relief preventing defendant from unlawfully detaining and prosecuting Indians in Indian country.  Dkt. # 2, at 1; Dkt. # 67, at 1; Muscogee (Creek) Nation, 25-CV-0028-CVE, Dkt. # 2, at 10.

shortened period of confinement, must do so through an application for habeas corpus."[11] Palma-Salazar v. Davis, 677 F.3d 1031, 103 (10th Cir. 2012). Therefore, the Court finds that Scott does not meet the requirements for intervention as of right.[12]

As to permissive intervention, "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1)(B). Permissive intervention is "a matter within the sound discretion of the district court . . . ." Arney v. Finney, 967 F.2d 418, 421 (10th Cir. 1992) (quotations omitted). "In exercising its discretion, the [C]ourt must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b)(3). Defendant argues that Scott's claim that McGirt applies retroactively has no commonality to the distinct issues of prospective application presented by the United States. Dkt. # 34, at 2. The United States argues that Scott's intervention would cause undue delay and prejudice the United States. Dkt. # 36, at 1. As explained above, unlike plaintiffs' claims, Scott's claim relates to defendant's alleged conduct prior to the McGirt ruling and challenges the constitutionality of the Wallace decision, an issue not

---

[11] In holding that Scott does not meet the requirements for intervention or joinder, the Court does not reach the merits of Scott's attempt to seek post-conviction relief.

[12] As discussed in the Court's opinion and order granting the Cherokee Nation and Choctaw Nation of Oklahoma's motion to intervene as plaintiffs (Dkt. # 61), the Court is cognizant of the tension within the Tenth Circuit as to which test courts should use to determine the adequacy of representation by an existing governmental party. See Kane Cnty. v. United States (Kane V), 113 F.4th 1290, 1292-94 (10th Cir. 2024) (per curiam). (Tymkovich, Kelly, Eid, Carson, & Federico, JJ., dissenting). Because Scott fails to claim an interest that may be impaired or impeded by this litigation, the Court declines to opine as to whether the United States adequately represents Scott and proceeds to its analysis of permissive intervention.

before this Court. Therefore, the Court declines to exercise its discretion to allow Scott to permissively intervene.

The Court now turns to Scott's application for joinder. In his application, Scott "alleges and states . . . [t]hat the relief sought in this case will affect [him] in the same ways that it affects [p]laintiffs." Dkt. # 20, at 1. Defendant argues that Scott fails to meet the requirements of joinder because the United States' requested relief has no bearing on or relationship to Scott's cases or interests. Dkt. # 35, at 2. The United States argues that the Court should deny Scott's application for joinder for the same reasons that the United States set forth as to intervention. Dkt. # 36, at 1 n.1. While Scott does not explain whether he seeks joinder under Rule 19 or 20, the Court will consider whether Scott meets the requirements for joinder under either rule. FED. R. CIV. P. 19; FED. R. CIV. P. 20.

Under Rule 19, an individual "who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction . . . " is a required party if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a)(1). As discussed above, if the Court ultimately grants relief to any party in this case, the relief will not affect Scott because he seeks to litigate an issue that is not before this Court and that arises out of facts separate from the current action. Therefore, the Court finds that Scott is not a required party.

As to permissive joinder under Rule 20, an individual may join in an action as a plaintiff if: "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." FED. R. CIV. P. 20(a)(1). "[W]hether to allow such joinder is left to the discretion of the trial judge." Hefley v. Textron, Inc., 713 F.2d 1487, 1499 (10th Cir. 1983). For the same reasons that the Court finds that Scott may not intervene, the Court declines to exercise its discretion to grant Scott's application for joinder.[13] Therefore, the Court denies Scott's motion (Dkt. # 19) and application (Dkt. # 20).[14]

**IT IS THEREFORE ORDERED** that Brian Scott's motion to intervene (Dkt. # 19) and application for joinder as petitioner (Dkt. # 20) are **denied**.

**IT IS FURTHER ORDERED** that the Court of Clerk is directed to send a copy of this opinion and order to Brian Scott at the following address:

DOC # 399317
James Crabtree Correctional Center, Unit 1-16
216 North Murray Street
Helena, Oklahoma 73741-9606

---

[13] The Seventh Circuit and some district courts within the Tenth Circuit have explained that joinder under Rule 20 does not apply to nonparties. See e.g., Thompson v. Boggs, 33 F.3d 847, 858 n.10 (7th Cir. 1994) (explaining that a nonparty seeking to join a case should file a motion to intervene under Rule 24, rather than seek joinder); Terwilliger v. Allen, No. 23-CV-0740-DDD-KAS, 2023 WL 5485626, at *1-2 (D. Colo. Aug. 24, 2023) (unpublished); 10th Cir. R. 32.1(A) (allowing the Court to cite unpublished decisions for their persuasive value). However, the United States and defendant do not argue that Scott's nonparty status renders Rule 20 inapplicable, and the Court does not address this issue.

[14] Because the Court finds that Scott fails to meet the requirements for intervention or joinder, the Court does not address Scott's doubtful standing. Similarly, the Court does not address Scott's failure to accompany his motion to intervene with "a pleading that sets out the claim or defense for which intervention is sought . . ." as required under Rule 24(c). FED. R. CIV. P. 24(c).

**DATED** this 17th day of April, 2025.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE