UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 24-CV-0493-CVE |
| ) | (<u>BASE FILE</u>) |
| and ) | |
| ) | Consolidated with: |
| CHEROKEE NATION, and ) | Case No. 25-CV-0028-CVE |
| CHOCTAW NATION OF OKLAHOMA, ) | |
| ) | |
| Intervenor Plaintiffs, ) | |
| ) | |
| and ) | |
| ) | |
| MUSCOGEE (CREEK) NATION, ) | |
| ) | |
| Consolidated Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CAROL ISKI, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court is Brian Scott's pro se[1] motion for de novo review/motion to reconsider ("motion to reconsider").[2] Dkt. # 73. On January 13, 2025, Scott filed a motion to intervene (Dkt. # 19) ("the motion") and an application for joinder as petitioner (Dkt. # 20) ("the application"). On April 17, 2025, the Court denied Scott's motion and application. Dkt. # 69, at 2. On April 28, 2025, Scott filed this motion to reconsider in which he asks the Court to reconsider his motion and

---

[1] As Scott proceeds pro se, the Court liberally construes his pleadings. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972); <u>Gaines v. Stenseng</u>, 292 F.3d 1222, 1224 (10th Cir. 2002).

[2] To his motion, Scott attached three pages of the Tenth Circuit's order in response to his application to file another 28 U.S.C. § 2254 habeas application (Dkt. # 73-1) and four pages of the State of Oklahoma's motion to vacate agreed order for post-conviction relief in Scott's state court criminal proceeding (Dkt. # 73-2).

application, add him to the base file as a consolidated plaintiff, and "have prosecutrix file a motion to dismiss movant's charges." Dkt. # 73, at 3.

In the Court's opinion and order denying Scott's motion and application, the Court found that Scott sought post-conviction relief by challenging the constitutionality of State ex rel. Matloff v. Wallace, 497 P.3d 686 (Okla. Crim. App. 2021), and arguing that McGirt v. Oklahoma, 591 U.S. 894 (2020), should retroactively apply to his 2001 state court conviction.[3]  Dkt. # 69, at 5-6.  The Court explained that the relief sought by Scott differed from that sought by plaintiffs, and that Scott claimed an interest in voiding his past conviction, whereas plaintiffs claimed interests in defending their sovereignty from defendant's current and future prosecutions.  Id. at 6.  The Court further explained that, regardless of which party ultimately prevailed, the Court's rulings would not impair or impede Scott's interest because the retroactive application of McGirt was not before the Court.[4]  Id.  Therefore, the Court found that Scott failed to meet the requirements for intervention or joinder and denied Scott's motion and application.  Id. at 2.

---

[3] In McGirt, the United States Supreme Court held that, because Congress did not disestablish the Muscogee (Creek) Nation reservation, the land within the historical boundaries of that reservation is "Indian country," as defined in 18 U.S.C. § 1151(a), and, as a result, the federal government has exclusive jurisdiction to prosecute certain crimes committed by Indians within those boundaries.  McGirt, 591 U.S. 894.  The Oklahoma Court of Criminal Appeals ("OCCA") held that Congress did not disestablish the Cherokee Nation reservation and that reservation too is Indian country, as defined in 18 U.S.C. § 1151(a).  Hogner v. State, 500 P.3d 629, 635 (Okla. Crim. App. 2021), overruled on other grounds by Deo v. Parish, 541 P.3d 833, 838 n.7 (Okla. Crim. App. 2023).  In Wallace, the OCCA reaffirmed its prior decisions recognizing the existence of several reservations, including the Cherokee Nation reservation, but held "that McGirt and [the OCCA's] post-McGirt decisions recognizing these reservations shall not apply retroactively to void a conviction that was final when McGirt was decided."  Wallace, 497 P.3d at 689.

[4] In holding that Scott did not meet the requirements for intervention or joinder, the Court did not reach the merits of Scott's attempt to seek post-conviction relief.  Id. at 7.

Scott's motion to reconsider was filed within 28 days of the entry of judgment, and the Court will treat Scott's motion as a motion to alter or amend judgment under FED. R. CIV. P. 59(e).[5] Under Rule 59(e), a party may ask a district court to reconsider a final ruling or judgment when the district court has "misapprehended the facts, a party's position, or the controlling law." Barber ex rel. Barber v. Colo. Dep't of Revenue, 562 F.3d 1222, 1228 (10th Cir. 2009). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). Reconsideration is "not available to allow a party to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." FDIC v. United Pac. Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998) (quoting Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577 (10th Cir. 1996)). "A Rule 59(e) motion to reconsider is designed to permit relief in extraordinary circumstances and not to offer a second bite at the proverbial apple." Syntroleum Corp. v. Fletcher Int'l, Ltd., No. 08-CV-384-JHP-FHM, 2009 WL 761322, at *1 (N.D. Okla. Mar. 19, 2009) (unpublished).[6]

Scott argues that the Court should grant his motion to reconsider because: (1) his situation is materially indistinguishable from that of Joseph Long, Joshua Medlock, Joey Wiedel, and Rachel

---

[5] While Scott also states that he brings this motion pursuant to 28 U.S.C. § 636 and FED. R. CIV. P. 72, § 636 and Rule 72 pertain to magistrate judges and are not applicable to this Court's prior ruling.

[6] While unpublished decisions are not precedential, the Court cites this unpublished decision for its persuasive value. 10th Cir. R. 32.1(A).

Carson;[7] (2) his "[i]llegal restra[i]nt was initiated by the prosecutrix's motion of October 15, 2021, where prosecutrix asked the court to reimpose or reinstate movant's convictions[;]" and (3) the Court failed to "address the preemption doctrine" that he argued in his "traverse response to the United States and Carol Iski's response in opposition to [his] motion to intervene" ("reply"). Dkt. # 73, at 1-2 (citing Dkt. # 42, at 6). The Court liberally construes Scott's arguments as asserting that the Court should grant his motion in order to correct clear error or prevent manifest injustice.[8]

The Court has reviewed Scott's motion (Dkt. # 73) and finds no basis to reconsider its prior opinion and order (Dkt. # 69). Scott failed to raise the first argument in his motion, application, or reply. Regardless, as explained in the Court's opinion and order, Scott's 2001 state court conviction differs from the current and future prosecutions at issue in this case, which include the prosecutions of Long, Medlock, Wiedel, and Carson. Dkt. # 69, at 2-3, 6. In his second argument, Scott simply expands upon his previous contention that the state lacked jurisdiction to prosecute him. The Court addressed this argument in its opinion and order and found that the retroactive application of McGirt was not before the Court. Id. at 6, 8. Similarly, the Court considered Scott's purported "preemption doctrine"[9] in which he argues that federal law supersedes Wallace, and the Court explained that the

---

[7]    In 2023 and 2024, defendant brought criminal charges against Cherokee Nation member Long, Choctaw Nation of Oklahoma member Medlock, Cherokee Nation member Wiedel, and Cherokee Nation member Carson for conduct that allegedly occurred on the Muscogee (Creek) Reservation. Dkt. # 61, at 1-2. Long, Medlock, Wiedel, and Carson are not parties to this case.

[8]    Scott does not argue that an intervening change in the controlling law occurred or that he has new evidence that was previously unavailable.

[9]    In his reply, Scott argued that "Iski has failed to follow the stare decisis of McGirt[,] the 1832 Treaty with the Creeks[,] . . . and the Supremacy Clause of the United States Constitution . . . for these laws supersede[] the state ruling in [Wallace]. Thus, those convictions that were final when the new rule was announced cannot be barred. . . . Prosecutrix Iski is ignorant of the law . . . for[] it already existed prior to the U.S. Supreme's

issue was not before it. Id. at 3, 5-9. Therefore, Scott fails to show clear error or manifest injustice, and the Court denies Scott's motion for de novo review/motion to reconsider (Dkt. # 73).

**IT IS THEREFORE ORDERED** that Brian Scott's motion for de novo review/motion to reconsider (Dkt. # 73) is **denied**.

**IT IS FURTHER ORDERED** that the Court of Clerk is directed to send a copy of this opinion and order to Brian Scott at the following address:

DOC # 399317
James Crabtree Correctional Center, Unit 1-16
216 North Murray Street
Helena, Oklahoma 73741-9606

**DATED** this 5th day of May, 2025.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

decision in McGirt .... This preemption doctrine begins with the treaties and patents which place the tracts of land beyond the jurisdiction of the State." Dkt. # 42, at 6 (emphasis added). The Court infers that Scott refers to this argument as the preemption doctrine.