## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 24-CV-00493-CVE |
| *Plaintiff*, | (<u>BASE FILE</u>) |
| CHEROKEE NATION, and CHOCTAW NATION OF OKLAHOMA, | Consolidated with: Case No. 25-CV-0028-CVE |
| *Intervenor Plaintiffs*, | |
| and | |
| MUSCOGEE (CREEK) NATION, | |
| *Consolidated Plaintiff*, | |
| v. | |
| CAROL ISKI, District Attorney for the Twenty-Fifth Prosecutorial District of Oklahoma, in her official capacity, | |
| *Defendant*. | |

### DEFENDANT CAROL ISKI'S ANSWER TO THE UNITED STATES OF AMERICA'S COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant Carol Iski ("Defendant") submits this Answer to Plaintiff, United States of America's ("Plaintiff"), Complaint.

Unless specifically admitted herein, Defendant denies the allegations in Plaintiff's Complaint. Pursuant to Federal Rule of Civil Procedure 8(b), Defendant responds to the allegations in each corresponding paragraph of the Complaint as follows:

### NATURE OF ACTION

1.       Defendant denies Plaintiff's allegations and characterization of the law in paragraph 1 of its Complaint. "[A]s a matter of state sovereignty, a State has jurisdiction over all of its territory, including Indian country." *Oklahoma v. Castro-Huerta*, 597 U.S. 629, 636 (2022).

Indeed, "the Court's precedents establish that Indian country is part of a State's territory and that, unless preempted, States have jurisdiction over crimes committed in Indian country." *Id*. at 638. Defendant denies that her prosecution of criminal offenses within her district is unlawful.

2.      Defendant denies the allegations and legal characterizations in paragraph 2 of the Complaint. Defendant denies that Oklahoma's exercise of criminal jurisdiction violates federal law or fundamental constitutional principles. *McGirt v. Oklahoma* held only that, for purposes of the Major Crimes Act, the Muscogee (Creek) Reservation was not disestablished. 591 U.S. 894 (2020). *McGirt* did not hold that the State lacks all criminal jurisdiction in Indian country. As the Supreme Court later clarified, Indian country is part of a State's territory, and, unless preempted, States retain jurisdiction over crimes committed there. *Oklahoma v. Castro-Huerta*, 597 U.S. 629, 636–38 (2022). The Court further explained that the General Crimes Act does not categorically preempt state jurisdiction and that, in appropriate circumstances, both the Federal Government and the State may exercise concurrent jurisdiction in Indian country. *Id*. at 639. Defendant denies that Congress has categorically precluded Oklahoma from exercising criminal jurisdiction as alleged. Defendant further denies that exclusive criminal jurisdiction rests solely with the United States and tribal governments in all circumstances described in the Complaint.

## JURISDICTION AND VENUE

3.      With respect to the allegations in paragraph 3 of Plaintiff's Complaint, Defendant denies that this Court has jurisdiction over this action, as more fully set forth in her Motion to Dismiss [Doc. 31] and related filings.

4.      With respect to the allegations in paragraph 4 of Plaintiff's Complaint, Defendant admits venue would be proper in this District, assuming, arguendo, this Court has jurisdiction over this action.

## PARTIES

5.      With respect to the allegations in paragraph 5 of Plaintiff's Complaint, Defendant admits that Plaintiff purports to sue on its own behalf and has authority, albeit not exclusive of Defendant, to address certain crimes committed by Indians in Indian country. Regarding the

remaining allegations in paragraph 5 of Plaintiff's Complaint, Defendant admits only that the United States maintains a trust relationship with federally recognized Indian tribes and admits the existence of the quoted language in *Nat'l Farmers Union Ins. Cos. v. Crow Tribe*, 471 U.S. 845, 856 & n.20 (1985). However, Defendant denies that such relationship or policy confers upon the United States any specific authority, standing, or entitlement to the injunctive or declaratory relief sought in this action.

6.    With respect to allegations in paragraph 6 of Plaintiff's complaint, Defendant admits that she is the District Attorney for the Twenty-Fifth Prosecutorial District of Oklahoma and that she has been sued in her official capacity. Defendant further admits that the Twenty-Fifth Prosecutorial District includes Okmulgee and McIntosh Counties, and that those counties include areas that fall within the historical exterior boundaries of the Cherokee and Muscogee (Creek) Reservations, which is in the State of Oklahoma. Defendant admits that she is responsible for representing the State of Oklahoma in the prosecution of criminal matters arising within her district. Regarding the allegations that Defendant "continues to prosecute Indians for conduct occurring in Indian country," Defendant admits only that she is prosecuting non-member Indians who commit general crimes in Indian country, as permitted by federal and state law and consistent with *City of Tulsa v. O'Brien*, Case No. S-2023-715, 2024 WL 5001684 (Okla. Crim. App. Dec. 5, 2024) and *Creek v. Kunzweiler*, Case No. 25-CV-75-GKF-JFJ (N.D. Okla.).

## GENERAL ALLEGATIONS

A.    Defendant denies the allegations and legal characterizations in heading A of the General Allegations in Plaintiff's Complaint. Under the General Crimes Act, which is at issue in the Complaint, "both the Federal Government and the State have concurrent jurisdiction to prosecute crimes committed in Indian country." *Id*. at 639. The General Crimes Act does not "say

. . . that state jurisdiction is preempted in Indian country." *Id*. Applying the "*Bracker* balancing test, th[e] Court has recognized that even when federal law does not preempt state jurisdiction under ordinary preemption analysis, preemption may still occur if the exercise of state jurisdiction would unlawfully infringe upon tribal self-government." *Id*. at 649 (citing *White Mountain Apache Tribe v. Bracker*, 448 U.S. 136, 142-143 (1980)). The State's prosecution of non-member Indians who commit non-major crimes in Indian country does not unlawfully infringe upon tribal self-government.

7.      Defendant denies the allegations and legal characterizations in paragraph 7 of the Complaint. Defendant admits that Congress possesses authority over Indian affairs under the United States Constitution. Defendant denies that such authority categorically divests the State of Oklahoma of criminal jurisdiction in Indian country. As the Supreme Court has recognized, Indian country is part of a State's territory, and, unless preempted, States retain jurisdiction over crimes committed there. *Oklahoma v. Castro-Huerta*, 597 U.S. 629, 636–38 (2022).

8.      To the extent paragraph 8 of Plaintiff's Complaint contains any allegations, Defendant denies the same, along with the legal characterizations, and adopts and incorporates her response to Plaintiff's allegations in Heading A, above.

9.      Defendant denies the allegations and legal characterizations in paragraph 9 of Plaintiff's Complaint. "[A]s a matter of state sovereignty, a State has jurisdiction over all of its territory, including Indian country." *Oklahoma v. Castro-Huerta*, 597 U.S. 629, 636 (2022). Indeed, "the Court's precedents establish that Indian country is part of a State's territory and that, unless preempted, States have jurisdiction over crimes committed in Indian country." *Id*. at 638. Defendant further adopts and incorporates her response to Plaintiff's allegations in Heading A, above.

10.    Defendant denies Plaintiff's allegations and characterization of the law in paragraph 10 of the Complaint. Defendant further adopts and incorporates her response to Plaintiff's allegations in paragraph 9, above.

11.    Defendant denies Plaintiff's allegations and characterization of the law in paragraph 11 of the Complaint. Defendant denies that there exists a categorical rule divesting the State of Oklahoma or its political subdivisions of criminal jurisdiction in Indian country absent express congressional authorization. As a matter of state sovereignty, a State retains jurisdiction over its territory, including Indian country, unless preempted by federal law. *Oklahoma v. Castro-Huerta*, 597 U.S. 629, 636–38 (2022). Defendant further adopts and incorporates her response to Plaintiff's allegations in paragraph 9, above.

12.    Defendant denies Plaintiff's allegations and characterization of the law in paragraph 12 of the Complaint and further adopts and incorporates her response to Plaintiff's allegations in paragraph 9, above.

13.    Defendant denies the allegations and legal characterizations in paragraph 13 and its subparts of Plaintiff's Complaint and further adopts and incorporates her response to Plaintiff's allegations in paragraph 9, above.

14.    Regarding the allegations or legal characterizations in paragraph 14 of Plaintiff's Complaint, Defendant admits only that its authority to prosecute non-member Indians who commit crimes in Indian country is not based on Public Law 280 but denies the rest. Defendant further adopts and incorporates her response to Plaintiff's allegations in paragraph 9, above.

15.    Regarding the allegations or legal characterizations in paragraph 15 of Plaintiff's Complaint, Defendant admits only that the Oklahoma Enabling Act authorized the creation of the State of Oklahoma and the adoption of a state constitution. However, Defendant denies the

remaining allegations or legal characterizations and further adopts and incorporates her response to Plaintiff's allegations in paragraph 9, above.

16.    To the extent the allegations and legal characterizations in paragraph 16 of Plaintiff's Complaint are directed at Defendant, Defendant denies the same and adopts and incorporates her response to Plaintiff's allegations in paragraph 9, above.

17.    Defendant admits that Congress has enacted appropriations and other legislation providing funding for tribal public safety programs and criminal justice systems. Defendant denies any remaining allegations or characterizations in paragraph 17 of the Complaint to the extent they imply that such funding precludes or limits the State of Oklahoma's criminal jurisdiction under applicable law.

18.    Defendant denies the allegations and legal characterizations in paragraph 18 of Plaintiff's Complaint and further adopts and incorporates her response to Plaintiff's allegations in paragraph 9, above.

19.    Defendant denies Plaintiff's allegations and characterization of the law in paragraph 19 of the Complaint. Defendant denies that congressional funding or support for tribal programs renders tribal criminal jurisdiction exclusive of the State. Defendant further adopts and incorporates her response to Plaintiff's allegations in paragraph 9, above.

B.    Regarding the allegations or legal characterizations in the second subheading A of Plaintiff's Complaint, Defendant admits only that, for purposes of the Major Crimes Act, the Muscogee (Creek) and Cherokee reservations have not been disestablished.

20.    Defendant denies Plaintiff's characterization of the treaties cited in paragraph 20 of the Complaint. Defendant admits that the United States entered into treaties with the Muscogee (Creek) Nation and that the provisions quoted in paragraph 20 appear in the cited treaties. In

*McGirt v. Oklahoma*, 591 U.S. 894 (2020), the United States Supreme Court held that, for purposes of the Major Crimes Act, the Muscogee (Creek) Reservation was never disestablished. Defendant denies any allegation that the cited treaties or McGirt divest the State of Oklahoma of criminal jurisdiction as alleged and maintains authority to exercise criminal jurisdiction consistent with federal law.

21.     Defendant denies Plaintiff's allegations and characterization of the treaties and governing law in paragraph 21 of the Complaint. Defendant admits that the Treaty of 1856 contains the language quoted in paragraph 21. In *McGirt v. Oklahoma*, 591 U.S. 894 (2020), the United States Supreme Court held that, for purposes of the Major Crimes Act, the Muscogee (Creek) Reservation was never disestablished. Defendant denies any allegation that the cited treaty or McGirt divest the State of Oklahoma of criminal jurisdiction as alleged and maintains authority to exercise criminal jurisdiction consistent with federal law.

22.     Defendant denies Plaintiff's allegations and characterization of the treaties and governing law in paragraph 22 of the Complaint. Defendant admits that the Treaty of 1856 contains the language quoted in paragraph 22. In *McGirt v. Oklahoma*, 591 U.S. 894 (2020), the United States Supreme Court held that, for purposes of the Major Crimes Act, the Muscogee (Creek) Reservation was never disestablished. Defendant denies any allegation that the cited treaty or McGirt divest the State of Oklahoma of criminal jurisdiction as alleged and maintains authority to exercise criminal jurisdiction consistent with federal law.

23.     Regarding the allegations or legal characterizations in paragraph 23 of Plaintiff's Complaint, Defendant admits only that the Supreme Court held that Oklahoma lacked jurisdiction to prosecute McGirt for committing a major crime but denies the rest. Further, In *McGirt v. Oklahoma*, 591 U.S. 894 (2020), the United States Supreme Court held that, for purposes of the

7

Major Crimes Act, the Muscogee (Creek) Reservation was never disestablished. Defendant further adopts and incorporates her response to the allegations in Paragraph 9 of Plaintiff's Complaint, above.  Defendant denies any remaining allegations in paragraph 23 of Plaintiff's Complaint.

24.    Defendant denies Plaintiff's allegations and characterization of the treaty in paragraph 24 of Plaintiff's Complaint. Defendant admits that the Treaty of Holston contains the language quoted in paragraph 24.

25.    Defendant denies Plaintiff's allegations and characterization of the treaty in paragraph 25 of Plaintiff's Complaint. Defendant admits that the Treaty of New Echota contains the language quoted in paragraph 25.

26.    Defendant denies Plaintiff's allegations and characterization of the treaty in paragraph 26 of Plaintiff's Complaint. Defendant admits that the 1846 Treaty with the Cherokee contains the language quoted in paragraph 26.

27.    Defendant denies Plaintiff's allegations and characterization of the treaty in paragraph 27 of Plaintiff's Complaint. Defendant admits that the 1866 Treaty of Washington with the Cherokee contains the language quoted in paragraph 27.

28.    Defendant denies the allegations or legal characterizations in paragraph 28 of Plaintiff's Complaint. Defendant further responds that the Oklahoma Court of Criminal Appeals held in *O'Brien*, which was issued after having analyzed each of Defendant's arguments advanced in this lawsuit, that the State of Oklahoma has authority to prosecute non-member Indians who commit non-major crimes in Indian country. *City of Tulsa v. O'Brien*, Case No. S-2023-715, 2024 WL 5001684 (Okla. Crim. App. Dec. 5, 2024).

29.     Defendant denies the allegations or legal characterizations in paragraph 29 of Plaintiff's Complaint and further adopts and incorporates her response to the allegations in paragraph 9 of Plaintiff's Complaint, above.

30.     Defendant denies the allegations or legal characterizations in paragraph 30 of Plaintiff's Complaint and further adopts and incorporates her response to the allegations in paragraph 9 of Plaintiff's Complaint, above.

C.     With respect to the allegations in subheading B of Plaintiff's complaint, Defendant admits only that she maintains authority to prosecute non-member Indians who commit non-major crimes in Indian country but denies the rest. Defendant further responds that the Oklahoma Court of Criminal Appeals held in *O'Brien*, which was issued after having analyzed each of Defendant's arguments advanced in this lawsuit, that the State of Oklahoma has authority to prosecute non-member Indians who commit non-major crimes in Indian country. *City of Tulsa v. O'Brien*, Case No. S-2023-715, 2024 WL 5001684 (Okla. Crim. App. Dec. 5, 2024). Moreover, the court in *Creek v. Kunzweiler*, Case No. 25-CV-75-GKF-JFJ (N.D. Okla.), also recently held that the State of Oklahoma has authority to prosecute non-member Indians who commit non-major crimes in Indian country. *See Id.* (Judgment, Dec. 30, 2025). Defendant further adopts and incorporates her response to the allegations in paragraph 9 of Plaintiff's Complaint, above.

31.     With respect to the allegations in paragraph 31 of Plaintiff's complaint, Defendant admits only that she maintains authority to prosecute non-member Indians who commit non-major crimes in Indian country but denies the rest. Defendant further responds that the Oklahoma Court of Criminal Appeals held in *O'Brien*, which was issued after having analyzed each of Defendant's arguments advanced in this lawsuit, that the State of Oklahoma has authority to prosecute non-member Indians who commit non-major crimes in Indian country. *City of Tulsa v. O'Brien*, Case

No. S-2023-715, 2024 WL 5001684 (Okla. Crim. App. Dec. 5, 2024). Moreover, the court in *Creek v. Kunzweiler*, Case No. 25-CV-75-GKF-JFJ (N.D. Okla.), also recently held that the State of Oklahoma has authority to prosecute non-member Indians who commit non-major crimes in Indian country. *See Id.* (Judgment, Dec. 30, 2025). Defendant further adopts and incorporates her response to the allegations in paragraph 9 of Plaintiff's Complaint, above.

32.     Regarding the allegations in paragraph 32 of Plaintiff's Complaint, Defendant admits only that Oklahoma filed the Petition for Certiorari referenced therein. The U.S. Supreme Court said, in part, "as a matter of state sovereignty, a State has jurisdiction over all of its territory, including Indian country." *Oklahoma v. Castro-Huerta*, 597 U.S. 629, 636 (2022). Indeed, "the Court's precedents establish that Indian country is part of a State's territory and that, unless preempted, States have jurisdiction over crimes committed in Indian country." *Id*. at 638.

33.     Regarding the allegations in paragraph 33 of Plaintiff's Complaint, Defendant admits only that the quoted language appears in the referenced Petition for Certiorari but denies that the State of Oklahoma lacks jurisdiction to prosecute non-member Indians who commit non-major crimes in Indian country. Defendant further adopts and incorporates her response to the allegations in Paragraph 9 of Plaintiff's Complaint, above.

34.     Regarding the allegations in paragraph 34 of Plaintiff's Complaint, Defendant admits only that she maintains authority to prosecute non-member Indians who commit non-major crimes in Indian country but denies the rest. Defendant further responds that the Oklahoma Court of Criminal Appeals held in *O'Brien*, which was issued after having analyzed each of Defendant's arguments advanced in this lawsuit, that the State of Oklahoma has authority to prosecute non-member Indians who commit non-major crimes in Indian country. *City of Tulsa v. O'Brien*, Case No. S-2023-715, 2024 WL 5001684 (Okla. Crim. App. Dec. 5, 2024). Moreover, the court in *Creek*

10

*v. Kunzweiler*, Case No. 25-CV-75-GKF-JFJ (N.D. Okla.), also recently held that the State of Oklahoma has authority to prosecute non-member Indians who commit non-major crimes in Indian country. *See Id.* (Judgment, Dec. 30, 2025). Defendant further adopts and incorporates her response to the allegations in paragraph 9 of Plaintiff's Complaint, above.

35.    With respect to the allegations in Paragraph 35 of Plaintiff's Complaint, Defendant admits that the State commenced criminal proceedings in the cases cited by Plaintiff, each of which involves allegations of non-major crimes committed by non-member Indians in Indian country. Defendant further admits that she maintains authority to prosecute non-member Indians who commit non-major crimes in Indian country but denies any further allegations to the extent they imply that the State of Oklahoma lacks authority to prosecute such crimes. Defendant further responds that the Oklahoma Court of Criminal Appeals held in *O'Brien*, which was issued after having analyzed each of Defendant's arguments advanced in this lawsuit, that the State of Oklahoma has authority to prosecute non-member Indians who commit non-major crimes in Indian country. *City of Tulsa v. O'Brien*, Case No. S-2023-715, 2024 WL 5001684 (Okla. Crim. App. Dec. 5, 2024). Moreover, the court in *Creek v. Kunzweiler*, Case No. 25-CV-75-GKF-JFJ (N.D. Okla.), also recently held that the State of Oklahoma has authority to prosecute non-member Indians who commit non-major crimes in Indian country. *See Id.* (Judgment, Dec. 30, 2025). Defendant further adopts and incorporates her response to the allegations in paragraph 9 of Plaintiff's Complaint, above.

36.    Defendant denies the allegations and legal characterizations in paragraph 36 of Plaintiff's Complaint and further adopts and incorporates her response to the allegations in paragraph 9 of Plaintiff's Complaint, above.

37.     Defendant denies the allegations and legal characterizations in paragraph 37 of Plaintiff's Complaint and further adopts and incorporates her response to the allegations in paragraph 9 of Plaintiff's Complaint, above.

38.     Defendant denies the allegations and legal characterizations in paragraph 38 of Plaintiff's Complaint and further adopts and incorporates her response to the allegations in paragraph 9 of Plaintiff's Complaint, above.

39.     Defendant denies the allegations and legal characterizations in paragraph 39 of Plaintiff's Complaint and further adopts and incorporates her response to the allegations in paragraph 9 of Plaintiff's Complaint, above.

40.     Defendant denies the allegations and legal characterizations in paragraph 40 of Plaintiff's Complaint and further adopts and incorporates her response to the allegations in paragraph 9 of Plaintiff's Complaint, above.

### CLAIMS FOR RELIEF

41.     Defendant denies the allegations and legal characterizations realleged in paragraph 41 of Plaintiff's Complaint and further adopts and incorporates her responses to each of the paragraphs, above.

42.      Defendant denies the allegations and legal characterizations in paragraph 42 of Plaintiff's Complaint and further adopts and incorporates her response to the allegations in paragraph 9 of Plaintiff's Complaint, above.

43.     Regarding the allegations in paragraph 43 of Plaintiff's Complaint, Defendant admits only that she maintains authority to prosecute non-member Indians who commit non-major crimes in Indian country but denies the rest. Defendant further responds that the Oklahoma Court of Criminal Appeals held in *O'Brien*, which was issued after having analyzed each of Defendant's

arguments advanced in this lawsuit, that the State of Oklahoma has authority to prosecute non-member Indians who commit non-major crimes in Indian country. *City of Tulsa v. O'Brien*, Case No. S-2023-715, 2024 WL 5001684 (Okla. Crim. App. Dec. 5, 2024). Moreover, the court in *Creek v. Kunzweiler*, Case No. 25-CV-75-GKF-JFJ (N.D. Okla.), also recently held that the State of Oklahoma has authority to prosecute non-member Indians who commit non-major crimes in Indian country. *See Id.* (Judgment, Dec. 30, 2025). Defendant further adopts and incorporates her response to the allegations in paragraph 9 of Plaintiff's Complaint, above.

## PRAYER FOR RELIEF

44.     Defendant denies the prayer for relief and its subparts in Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1.     This Court lacks jurisdiction over Plaintiff's claims.

2.     Plaintiff has failed to state a claim upon which relief can be granted.

3.     Plaintiff has failed to join necessary parties.

4.     Defendant maintains authority to prosecute non-member Indians who commit non-major crimes in Indian country.

5.     Defendant reserves the right to assert any additional affirmative defenses that may become known or apparent through discovery, further investigation, or other proceedings in this action.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that her answer be deemed good and sufficient and all claims by Plaintiff against Defendant be dismissed, with prejudice, and such other and further relief, legal, equitable, including attorney's fees, be awarded Defendant.

s/Phillip G. Whaley
Phillip G. Whaley, OBA #13371
Grant M. Lucky, OBA #17398
Patrick R. Pearce, Jr., OBA #18802
RYAN WHALEY
400 North Walnut Avenue
Oklahoma City, OK  73104
(405) 239-6040
(405) 239-6766 FAX
pwhaley@ryanwhaley.com
glucky@ryanwhaley.com
rpearce@ryanwhaley.com

Trevor S. Pemberton, OBA #22271
PEMBERTON LAW GROUP, PLLC
600 North Robinson Avenue, Suite 308
Oklahoma City, OK 73102
P: (405) 501-5054
trevor@pembertonlawgroup.com

**Attorneys for Defendant**
**Matthew J. Ballard**

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2026, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing.

s/Phillip G. Whaley
Phillip G. Whaley

14