**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>CHEROKEE NATION, and<br>CHOCTAW NATION OF OKLAHOMA,<br><br>*Intervenor Plaintiffs*,<br><br>and<br><br>MUSCOGEE (CREEK) NATION,<br><br>*Consolidated Plaintiff*,<br><br>v.<br><br>CAROL ISKI, District Attorney for the<br>Twenty-Fifth Prosecutorial District of<br>Oklahoma, in her official capacity,<br><br>*Defendant*. | Case No. 24-CV-00493-CVE<br>(BASE FILE)<br><br>Consolidated with:<br>Case No. 25-CV-0028-CVE |

**DEFENDANT CAROL ISKI'S ANSWER TO THE INTERVENOR PLAINTIFFS'
COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant Carol Iski ("Defendant") submits this Answer to Intervenors, the Cherokee Nation and Choctaw Nation of Oklahoma's (collectively, "Intervenor Plaintiffs"), Complaint.

Unless specifically admitted herein, Defendant denies the allegations in the Intervenor Plaintiffs' Complaint. Pursuant to Federal Rule of Civil Procedure 8(b), Defendant responds to the allegations in each corresponding paragraph of the Complaint as follows:

<u>**NATURE OF ACTION**</u>

1.    Defendant denies Intervenor Plaintiffs' allegations and characterization of the law in paragraph 1 of their Complaint. "[A]s a matter of state sovereignty, a State has jurisdiction over

all of its territory, including Indian country." *Oklahoma v. Castro-Huerta*, 597 U.S. 629, 636 (2022). Indeed, "the Court's precedents establish that Indian country is part of a State's territory and that, unless preempted, States have jurisdiction over crimes committed in Indian country." *Id*. at 638. Defendant denies that her prosecution of criminal offenses within her district is unlawful. Defendant further denies that Oklahoma's exercise of criminal jurisdiction violates federal law or fundamental constitutional principles. *McGirt v. Oklahoma* held only that, for purposes of the Major Crimes Act, the Muscogee (Creek) Reservation was not disestablished. 591 U.S. 894 (2020). *McGirt* did not hold that the State lacks all criminal jurisdiction in Indian country. As the Supreme Court later clarified, Indian country is part of a State's territory, and, unless preempted, States retain jurisdiction over crimes committed there. *Oklahoma v. Castro-Huerta*, 597 U.S. 629, 636–38 (2022). The Court further explained that the General Crimes Act does not categorically preempt state jurisdiction and that, in appropriate circumstances, both the Federal Government and the State may exercise concurrent jurisdiction in Indian country. *Id*. at 639. Defendant denies that Congress has categorically precluded Oklahoma from exercising criminal jurisdiction as alleged. Defendant further denies that exclusive criminal jurisdiction rests solely with the United States and tribal governments in all circumstances described in the Complaint.

2.     Defendant denies the allegations and legal characterizations in paragraph 2 of the Complaint and adopts and incorporates her response to paragraph 1 of Intervenor Plaintiffs' Complaint, above.

3.     Defendant denies the allegations and legal characterizations in paragraph 3 of the Complaint and adopts and incorporates her response to paragraph 1 of Intervenor Plaintiffs' Complaint, above.

4.      Defendant denies the allegations and legal characterizations in paragraph 4 of the Complaint and adopts and incorporates her response to paragraph 1 of Intervenor Plaintiffs' Complaint, above.

## Parties

5.      Regarding the allegations in paragraph 5 of Plaintiff's Complaint, Defendant admits only that the Cherokee Nation is a federally recognized Indian tribe who is recognized by the Secretary of Interior but denies the remaining allegations or legal characterizations. Defendant further adopts and incorporates her response to the allegations in paragraph 1 of Plaintiff's Complaint, above.

6.      Regarding the allegations in paragraph 6 of Plaintiff's Complaint, Defendant admits only that the Choctaw Nation is a federally recognized Indian tribe who is recognized by the Secretary of Interior but denies the remaining allegations or legal characterizations. Defendant further adopts and incorporates her response to the allegations in paragraph 1 of Plaintiff's Complaint, above.

7.      Regarding the allegations in paragraph 7 of Intervenor Plaintiffs' Complaint, Defendant admits that she is the District Attorney for the Twenty-Fifth Prosecutorial District of Oklahoma and that she has been sued in her official capacity. Defendant further admits that the Twenty-Fifth Prosecutorial District includes McIntosh County, which include areas that fall within the historical exterior boundaries of the Cherokee Reservation, which is in the State of Oklahoma.

8.      Regarding the allegations and legal characterizations in paragraph 8 of Intervenor Plaintiffs' Complaint, Defendant admits that she "is responsible for appearing in state court to prosecute all violations of state law within the Twenty-Fifth District." Defendant further admits that Oklahoma law defines Defendant's powers, duties, and jurisdiction. Defendant further admits

that her compensation is fixed by Oklahoma law and that she is paid with State resources. Regarding the remaining allegations, Defendant admits only that she maintains authority to prosecute non-member Indians who commit non-major crimes in Indian country, and she adopts and incorporates her response to the allegations in Paragraph 1 of Intervenor Plaintiffs' Complaint, above.

## Jurisdiction and Venue

9.     With respect to the allegations in paragraph 9 of Intervenor Plaintiffs' Complaint, Defendant denies that this Court has jurisdiction over this action, as more fully set forth in her Motion to Dismiss [Doc. 68] and related filings.

10.     With respect to the allegations in paragraph 10 of Intervenor Plaintiffs' Complaint, Defendant denies that this Court has jurisdiction over this action, as more fully set forth in her Motion to Dismiss [Doc. 68] and related filings.

11.     With respect to the allegations in paragraph 11 of Intervenor Plaintiffs' Complaint, Defendant admits venue would be proper in this District, assuming, arguendo, this Court has jurisdiction over this action.

## Standing

12.     Paragraph 12 of Intervenor Plaintiffs' Complaint does not contain any allegations to which a response is owed. Nevertheless, Defendant denies any allegation that Intervenor Plaintiffs have standing, as more fully set forth in her Motion to Dismiss [Doc. 50] and related filings.

13.     Defendant denies the allegations and legal characterizations in paragraph 13 of Intervenor Plaintiffs' Complaint, as more fully set forth in her Motion to Dismiss [Doc. 50] and

related filings. Defendant further adopts and incorporates her response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint, above.

14.     Defendant denies the allegations and legal characterizations in paragraph 14 of Intervenor Plaintiffs' Complaint, as more fully set forth in her Motion to Dismiss [Doc. 68] and related filings. Defendant further adopts and incorporates her response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint, above.

15.     Defendant denies the allegations and legal characterizations in paragraph 15 of Intervenor Plaintiffs' Complaint and adopts and incorporates her response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint, above.

16.     Defendant denies the allegations and legal characterizations in paragraph 16 of Intervenor Plaintiffs' Complaint and adopts and incorporates her response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint, above.

17.     Regarding the allegations and legal characterizations in paragraph 17 of Intervenor Plaintiffs' Complaint, *McGirt v. Oklahoma* held only that, for purposes of the Major Crimes Act, the Muscogee (Creek) Reservation was not disestablished. 591 U.S. 894 (2020). As the Supreme Court later clarified, Indian country is part of a State's territory. *Oklahoma v. Castro-Huerta*, 597 U.S. 629, 636–38 (2022).

18.     Regarding the allegations and legal characterizations in paragraph 18 of Intervenor Plaintiffs' Complaint, Defendant admits only that she maintains authority to prosecute non-member Indians who commit non-major crimes in Indian country but denies the rest. Defendant further responds that the Oklahoma Court of Criminal Appeals held in *O'Brien*, which was issued after having analyzed each of Defendant's arguments advanced in this lawsuit, that the State of Oklahoma has authority to prosecute non-member Indians who commit non-major crimes in Indian

country. *City of Tulsa v. O'Brien*, Case No. S-2023-715, 2024 WL 5001684 (Okla. Crim. App. Dec. 5, 2024). Moreover, the court in *Creek v. Kunzweiler*, Case No. 25-CV-75-GKF-JFJ (N.D. Okla.), also recently held that the State of Oklahoma has authority to prosecute non-member Indians who commit non-major crimes in Indian country. *See Id.* (Judgment, Dec. 30, 2025).

19.    Paragraph 19 of Intervenor Plaintiffs' Complaint does not contain any allegations to which any response is owed. Nevertheless, Defendant denies any allegations or legal characterizations inconsistent with Defendant's authority to prosecute non-member Indians who commit non-major crimes in Indian country but denies the rest. Defendant further responds that the Oklahoma Court of Criminal Appeals held in *O'Brien*, which was issued after having analyzed each of Defendant's arguments advanced in this lawsuit, that the State of Oklahoma has authority to prosecute non-member Indians who commit non-major crimes in Indian country. *City of Tulsa v. O'Brien*, Case No. S-2023-715, 2024 WL 5001684 (Okla. Crim. App. Dec. 5, 2024). Moreover, the court in *Creek v. Kunzweiler*, Case No. 25-CV-75-GKF-JFJ (N.D. Okla.), also recently held that the State of Oklahoma has authority to prosecute non-member Indians who commit non-major crimes in Indian country. *See Id.* (Judgment, Dec. 30, 2025). Defendant further adopts and incorporates her response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint, above.

20.    For her response to paragraph 20 of Intervenor Plaintiffs' Complaint, Defendant adopts and incorporates her response to paragraph 19 of Intervenor Plaintiffs' Complaint, above.

21.    For her response to paragraph 21 of Intervenor Plaintiffs' Complaint, Defendant adopts and incorporates her response to paragraph 19 of Intervenor Plaintiffs' Complaint, above.

22.    For her response to paragraph 22 of Intervenor Plaintiffs' Complaint, Defendant adopts and incorporates her response to paragraph 19 of Intervenor Plaintiffs' Complaint, above.

23.     Regarding the allegations and legal characterizations in paragraph 23 of Intervenor Plaintiffs' Complaint, Defendant admits only that she maintains authority to prosecute non-member Indians who commit non-major crimes in Indian country but otherwise adopts and incorporates her response to paragraph 20 of Intervenor Plaintiffs' Complaint, above. Defendant further responds that the Oklahoma Court of Criminal Appeals held in *O'Brien*, which was issued after having analyzed each of Defendant's arguments advanced in this lawsuit, that the State of Oklahoma has authority to prosecute non-member Indians who commit non-major crimes in Indian country. *City of Tulsa v. O'Brien*, Case No. S-2023-715, 2024 WL 5001684 (Okla. Crim. App. Dec. 5, 2024). Moreover, the court in *Creek v. Kunzweiler*, Case No. 25-CV-75-GKF-JFJ (N.D. Okla.), also recently held that the State of Oklahoma has authority to prosecute non-member Indians who commit non-major crimes in Indian country. *See Id.* (Judgment, Dec. 30, 2025).

24.     For her response to paragraph 24 of Intervenor Plaintiffs' Complaint, Defendant adopts and incorporates her response to paragraph 19 of Intervenor Plaintiffs' Complaint, above.

25.     For her response to paragraph 25 of Intervenor Plaintiffs' Complaint, Defendant adopts and incorporates her response to paragraph 19 of Intervenor Plaintiffs' Complaint, above.

26.     Regarding the allegations or legal characterizations in paragraph 26 of Intervenor Plaintiffs' Complaint, Defendant admits only that, for purposes of the Major Crimes Act, the Cherokee reservation has not been disestablished. Defendant otherwise adopts and incorporates her response to the allegations in paragraph 20 of Intervenor Plaintiffs' Complaint, above.

27.     Regarding the allegations or legal characterizations in paragraph 27 of Intervenor Plaintiffs' Complaint, Defendant admits only that, for purposes of the Major Crimes Act, the Cherokee reservation has not been disestablished. Defendant otherwise adopts and incorporates her response to the allegations in paragraphs 1 and 19 of Intervenor Plaintiffs' Complaint, above.

28.    For her response to paragraph 28 of Intervenor Plaintiffs' Complaint, Defendant adopts and incorporates her response to paragraphs 1 and 20 of Intervenor Plaintiffs' Complaint, above.

29.    To the extent subheading A of Intervenor Plaintiffs' Complaint contains any allegations or legal characterizations to which a response is owed, Defendant denies the same and adopts and incorporates her response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint.

30.    Defendant denies the allegations and legal characterizations in paragraph 29 of Intervenor Plaintiffs' Complaint and adopts and incorporates her response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint.

31.    Defendant denies the allegations and legal characterizations in paragraph 30 of Intervenor Plaintiffs' Complaint and adopts and incorporates her response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint.

32.    Defendant denies the allegations and legal characterizations in paragraph 31 of Intervenor Plaintiffs' Complaint and adopts and incorporates her response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint.

33.    Defendant denies the allegations and legal characterizations in paragraph 32 of Intervenor Plaintiffs' Complaint and adopts and incorporates her response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint.

34.    Defendant denies the allegations and legal characterizations in paragraph 33 of Intervenor Plaintiffs' Complaint and adopts and incorporates her response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint.

35.     Defendant denies the allegations and legal characterizations in paragraph 34 of Intervenor Plaintiffs' Complaint and adopts and incorporates her response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint.

36.     Regarding the allegations or legal characterizations in paragraph 35 of Intervenor Plaintiffs' Complaint, Defendant admits that it does not rely on Public Law 280 for its assertion of jurisdiction to prosecute non-member Indians who commit non-major crimes in Indian country. Defendant otherwise denies the allegations and legal characterizations in paragraph 36 of Intervenor Plaintiffs' Complaint and adopts and incorporates her response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint.

37.     Defendant denies the allegations and legal characterizations in paragraph 36 of Intervenor Plaintiffs' Complaint and adopts and incorporates her response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint.

38.     Defendant denies the allegations and legal characterizations in paragraph 37 of Intervenor Plaintiffs' Complaint and adopts and incorporates her response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint.

39.     Defendant denies the allegations and legal characterizations in paragraph 38 of Intervenor Plaintiffs' Complaint and adopts and incorporates her response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint.

40.     Defendant denies the allegations and legal characterizations in paragraph 39 of Intervenor Plaintiffs' Complaint and adopts and incorporates her response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint.

41.     Defendant denies the allegations and legal characterizations in paragraph 40 of Intervenor Plaintiffs' Complaint and adopts and incorporates her response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint.

42.     To the extent subheading B of Intervenor Plaintiffs' Complaint contains any allegations or legal characterizations to which a response is owed, Defendant denies the same and adopts and incorporates her response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint.

43.     Defendant denies the allegations and legal characterizations in paragraph 41 of Intervenor Plaintiffs' Complaint and adopts and incorporates her response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint.

44.     Defendant denies the allegations and legal characterizations in paragraph 42 of Intervenor Plaintiffs' Complaint and adopts and incorporates her response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint.

45.     Defendant denies the allegations and legal characterizations in paragraph 43 of Intervenor Plaintiffs' Complaint and adopts and incorporates her response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint.

46.     Defendant denies the allegations and legal characterizations in paragraph 44 of Intervenor Plaintiffs' Complaint and adopts and incorporates her response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint.

47.     Defendant denies the allegations and legal characterizations in paragraph 45 of Intervenor Plaintiffs' Complaint and adopts and incorporates her response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint.

48.     Defendant denies the allegations and legal characterizations in paragraph 46 of Intervenor Plaintiffs' Complaint and adopts and incorporates her response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint.

49.     Defendant denies the allegations and legal characterizations in paragraph 47 of Intervenor Plaintiffs' Complaint and adopts and incorporates her response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint.

50.     Defendant denies the allegations and legal characterizations in paragraph 48 of Intervenor Plaintiffs' Complaint and adopts and incorporates her response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint.

51.     To the extent subheading C of Intervenor Plaintiffs' Complaint contains any allegations or legal characterizations to which a response is owed, Defendant denies the same and adopts and incorporates her response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint.

52.     Regarding the allegations and legal characterizations in paragraph 49 of Intervenor Plaintiffs' Complaint, Defendant admits only that she maintains authority to prosecute non-member Indians who commit non-major crimes in Indian country but denies the rest. Defendant further adopts and incorporates her response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint.

53.     Regarding the allegations and legal characterizations in paragraph 50 of Intervenor Plaintiffs' Complaint, Defendant admits only that she maintains authority to prosecute non-member Indians who commit non-major crimes in Indian country but denies the rest. Defendant further adopts and incorporates her response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint.

54.    Regarding the allegations in paragraph 51 of Intervenor Plaintiffs' Complaint, Defendant admits that the State filed the criminal charges referenced therein and that related proceedings ensued against the criminal defendant. Defendant denies any allegations inconsistent with the public records in those proceedings.

55.    Regarding the allegations in paragraph 52 of Intervenor Plaintiffs' Complaint, Defendant admits that the State filed the criminal charges referenced therein and that related proceedings ensued against the criminal defendant. Defendant denies any allegations inconsistent with the public records in those proceedings.

56.    Regarding the allegations in paragraph 53 of Intervenor Plaintiffs' Complaint, Defendant admits that the State filed the criminal charges referenced therein and that related proceedings ensued against the criminal defendant. Defendant denies any allegations inconsistent with the public records in those proceedings.

57.    Regarding the allegations in paragraph 54 of Intervenor Plaintiffs' Complaint, Defendant admits that the State filed the criminal charges referenced therein and that related proceedings ensued against the criminal defendant. Defendant denies any allegations inconsistent with the public records in those proceedings. Defendant further denies any allegation or implication that she lacked authority to prosecute Mr. Medlock and adopts and incorporates her response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint, above.

58.    Regarding the allegations in paragraph 55 of Intervenor Plaintiffs' Complaint, Defendant admits that the State maintained its prosecution referenced therein and that related proceedings ensued against the criminal defendant. Defendant denies any allegations inconsistent with the public records in those proceedings.

59.     Regarding the allegations in paragraph 56 of Intervenor Plaintiffs' Complaint, Defendant admits that the State maintained its prosecution referenced therein and that related proceedings ensued against the criminal defendant. Defendant denies any allegations inconsistent with the public records in those proceedings.

60.     Regarding the allegations in paragraph 57 of Intervenor Plaintiffs' Complaint, Defendant admits that the State filed the criminal charges referenced therein. Defendant denies any allegations inconsistent with the public records in those proceedings.

61.     Regarding the allegations in paragraph 58 of Intervenor Plaintiffs' Complaint, Defendant admits that the State maintained its prosecution referenced therein and that related proceedings ensued against the criminal defendant. Defendant denies any allegations inconsistent with the public records in those proceedings.

62.     Defendant denies the allegations and legal characterizations in paragraph 59 of Intervenor Plaintiffs' Complaint and adopts and incorporates her response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint, above.

63.     Defendant denies the allegations and legal characterizations in paragraph 60 of Intervenor Plaintiffs' Complaint and adopts and incorporates her response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint, above.

64.     Defendant denies the allegations and legal characterizations in paragraph 61 of Intervenor Plaintiffs' Complaint and adopts and incorporates her response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint, above.

65.     Defendant denies the allegations and legal characterizations in paragraph 62 of Intervenor Plaintiffs' Complaint and adopts and incorporates her response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint, above.

**CLAIMS FOR RELIEF**

66.     Defendant denies the allegations and legal characterizations realleged in paragraph 63 of Intervenor Plaintiffs' Complaint and further adopts and incorporates her responses to each of the paragraphs, above.

67.     Defendant denies the allegations, legal characterizations, and requests for relief in paragraph 64 of Intervenor Plaintiffs' Complaint and adopts and incorporates her response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint, above.

68.     Defendant denies the allegations, legal characterizations, and requests for relief in paragraph 65 of Intervenor Plaintiffs' Complaint and adopts and incorporates her response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint, above.

**PRAYER FOR RELIEF**

69.     Defendant denies the prayer for relief and its subparts in Intervenor Plaintiffs' Complaint.

**AFFIRMATIVE DEFENSES**

1.     This Court lacks jurisdiction over Intervenor Plaintiffs' claims.

2.     Plaintiff has failed to state a claim upon which relief can be granted.

3.     Plaintiff has failed to join necessary parties.

4.     Defendant maintains authority to prosecute non-member Indians who commit non-major crimes in Indian country.

5.     Defendant reserves the right to assert any additional affirmative defenses that may become known or apparent through discovery, further investigation, or other proceedings in this action.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that her answer be deemed good and sufficient and all claims by Intervenor Plaintiffs against Defendant be dismissed, with prejudice, and such other and further relief, legal, equitable, including attorney's fees, be awarded Defendant.

*s/Phillip G. Whaley*
Phillip G. Whaley, OBA #13371
Grant M. Lucky, OBA #17398
Patrick R. Pearce, Jr., OBA #18802
RYAN WHALEY
400 North Walnut Avenue
Oklahoma City, OK  73104
(405) 239-6040
(405) 239-6766 FAX
pwhaley@ryanwhaley.com
glucky@ryanwhaley.com
rpearce@ryanwhaley.com

Trevor S. Pemberton, OBA #22271
PEMBERTON LAW GROUP, PLLC
600 North Robinson Avenue, Suite 308
Oklahoma City, OK 73102
P: (405) 501-5054
trevor@pembertonlawgroup.com

***Attorneys for Defendant***
***Matthew J. Ballard***

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2026, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing.

*s/Phillip G. Whaley*
Phillip G. Whaley