IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>CHEROKEE NATION, and CHOCTAW NATION OF OKLAHOMA,<br><br>*Intervenor Plaintiffs*,<br><br>and<br><br>MUSCOGEE (CREEK) NATION,<br><br>*Consolidated Plaintiff*,<br><br>v.<br><br>CAROL ISKI, District Attorney for the Twenty-Fifth Prosecutorial District of Oklahoma, in her official capacity,<br><br>*Defendant*. | Case No. 24-CV-00493-CVE<br>(BASE FILE)<br><br>Consolidated with:<br>Case No. 25-CV-0028-CVE |

**DEFENDANT CAROL ISKI'S ANSWER TO THE MUSCOGEE (CREEK) NATION'S COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant Carol Iski ("Defendant") submits this Answer to Plaintiff, Muscogee (Creek) Nation's ("Plaintiff"), Complaint.

Unless specifically admitted herein, Defendant denies the allegations in Plaintiff's Complaint. Pursuant to Federal Rule of Civil Procedure 8(b), Defendant responds to the allegations in each corresponding paragraph of the Complaint as follows:

**INTRODUCTION**

1. Defendant denies Plaintiff's allegations or legal characterizations in paragraph 1 of its Complaint. *McGirt v. Oklahoma* held only that, for purposes of the Major Crimes Act, the

Muscogee (Creek) Reservation was not disestablished. 591 U.S. 894 (2020). *McGirt* did not hold that the State lacks all criminal jurisdiction in Indian country. As the Supreme Court later clarified, Indian country is part of a State's territory, and, unless preempted, States retain jurisdiction over crimes committed there. *Oklahoma v. Castro-Huerta*, 597 U.S. 629, 636–38 (2022). The Court further explained that the General Crimes Act does not categorically preempt state jurisdiction and that, in appropriate circumstances, both the Federal Government and the State may exercise concurrent jurisdiction in Indian country. *Id*. at 639. Defendant denies that Congress has categorically precluded Oklahoma from exercising criminal jurisdiction as alleged.

2.     Defendant denies the allegations or legal characterizations in paragraph 2 of Plaintiff's Complaint. *McGirt v. Oklahoma* held only that, for purposes of the Major Crimes Act, the Muscogee (Creek) Reservation was not disestablished. 591 U.S. 894 (2020). *McGirt* did not hold that the State lacks all criminal jurisdiction in Indian country. As the Supreme Court later clarified, Indian country is part of a State's territory, and, unless preempted, States retain jurisdiction over crimes committed there. *Oklahoma v. Castro-Huerta*, 597 U.S. 629, 636–38 (2022). The Court further explained that the General Crimes Act does not categorically preempt state jurisdiction and that, in appropriate circumstances, both the Federal Government and the State may exercise concurrent jurisdiction in Indian country. *Id*. at 639. Defendant denies that Congress has categorically precluded Oklahoma from exercising criminal jurisdiction as alleged. Defendant further denies that exclusive criminal jurisdiction rests solely with the United States and tribal governments in all circumstances described in the Complaint. Under the General Crimes Act, which is at issue in the Complaint, "both the Federal Government and the State have concurrent jurisdiction to prosecute crimes committed in Indian country." *Id*. at 639. The General Crimes Act does not "say . . . that state jurisdiction is preempted in Indian country." *Id*. Applying the "*Bracker*

balancing test, th[e] Court has recognized that even when federal law does not preempt state jurisdiction under ordinary preemption analysis, preemption may still occur if the exercise of state jurisdiction would unlawfully infringe upon tribal self-government." *Id*. at 649 (citing *White Mountain Apache Tribe v. Bracker*, 448 U.S. 136, 142-143 (1980)). The State's prosecution of non-member Indians who commit non-major crimes in Indian country does not unlawfully infringe upon tribal self-government.

      3.      Defendant denies the allegations or legal characterizations in paragraph 3 of Plaintiff's Complaint and adopts and incorporates her response to the allegations in paragraph 2 of Plaintiff's Complaint, above.

      4.      Defendant denies the allegations or legal characterizations in paragraph 4 of Plaintiff's Complaint and adopts and incorporates her response to the allegations in paragraph 2 of Plaintiff's Complaint, above.

      5.      Defendant denies the allegations or legal characterizations in paragraph 5 of Plaintiff's Complaint and adopts and incorporates her response to the allegations in paragraph 2 of Plaintiff's Complaint, above. Further, "[A]s a matter of state sovereignty, a State has jurisdiction over all of its territory, including Indian country." *Oklahoma v. Castro-Huerta*, 597 U.S. 629, 636 (2022). Indeed, "the Court's precedents establish that Indian country is part of a State's territory and that, unless preempted, States have jurisdiction over crimes committed in Indian country." *Id*. at 638. Defendant denies that her prosecution of criminal offenses within her district is unlawful.

      6.      Regarding the allegations or legal characterizations in paragraph 6 of Plaintiff's Complaint, Defendant admits only that she maintains authority to prosecute non-member Indians who commit non-major crimes in Indian country but denies the rest. Defendant further responds that the Oklahoma Court of Criminal Appeals held in *O'Brien*, which was issued after having

analyzed each of Defendant's arguments advanced in this lawsuit, that the State of Oklahoma has authority to prosecute non-member Indians who commit non-major crimes in Indian country. *City of Tulsa v. O'Brien*, Case No. S-2023-715, 2024 WL 5001684 (Okla. Crim. App. Dec. 5, 2024). Moreover, the court in *Creek v. Kunzweiler*, Case No. 25-CV-75-GKF-JFJ (N.D. Okla.), also recently held that the State of Oklahoma has authority to prosecute non-member Indians who commit non-major crimes in Indian country. *See Id.* (Judgment, Dec. 30, 2025). Defendant further adopts and incorporates her response to the allegations in paragraph 2 of Plaintiff's Complaint, above.

7.    With respect to the allegations or legal characterizations in paragraph 7 of Plaintiff's Complaint, Defendant admits only that the Twenty-Fifth Prosecutorial District falls within the historical exterior boundaries of the Muscogee (Creek) Reservation, which is in the State of Oklahoma, but denies the rest. Defendant further adopts and incorporates her response to the allegations in paragraph 2 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

8.    With respect to the allegations in paragraph 8 of Plaintiff's Complaint, Defendant denies that this Court has jurisdiction over this action, as more fully set forth in her Motion to Dismiss [Doc. 31] and related filings.

9.    With respect to the allegations in paragraph 9 of Plaintiff's Complaint, Defendant admits venue would be proper in this District, assuming, arguendo, this Court has jurisdiction over this action.

## PLAINTIFF

10.    Regarding the allegations in paragraph 10 of Plaintiff's Complaint, Defendant admits only that Plaintiff is a federally recognized Indian tribe who is recognized by the Secretary

of Interior but denies the remaining allegations or legal characterizations. Defendant further adopts and incorporates her response to the allegations in paragraph 2 of Plaintiff's Complaint, above.

11. Regarding the allegations and legal characterizations in paragraph 11 of Plaintiff's Complaint, Defendant admits only that the quoted language is reflected in Plaintiff's criminal code but denies the rest. Defendant further adopts and incorporates her response to the allegations in paragraph 2 of Plaintiff's Complaint, above.

## DEFENDANT

12. With respect to allegations in paragraph 12 of Plaintiff's complaint, Defendant admits that she is the District Attorney for the Twenty-Fifth Prosecutorial District of Oklahoma and that she has been sued in her official capacity. Defendant further admits that the Twenty-Fifth Prosecutorial District includes Okmulgee and McIntosh Counties, and that those counties include areas that fall within the historical exterior boundary Muscogee (Creek) Reservations, which is in the State of Oklahoma.

13. Paragraph 13 does not contain any allegation to which any response is due.

## STANDING

14. Defendant denies the allegations and legal characterizations in paragraph 14 of Plaintiff's Complaint and adopts and incorporates her response to the allegations in paragraph 2 of Plaintiff's Complaint, above.

15. Defendant denies the allegations and legal characterizations in paragraph 15 of Plaintiff's Complaint and adopts and incorporates her response to the allegations in paragraphs 2 and 6 of Plaintiff's Complaint, above.

16. Defendant denies the allegations and legal characterizations in paragraph 16 of Plaintiff's Complaint and adopts and incorporates her response to the allegations in paragraph 2 of Plaintiff's Complaint, above.

## THE SUPREME COURT'S DECISION IN *McGIRT V. OKLAHOMA*

17. Defendant denies the allegations and legal characterizations in paragraph 17 of Plaintiff's Complaint and adopts and incorporates her response to the allegations in paragraph 2 of Plaintiff's Complaint, above.

18. Defendant denies the allegations and legal characterizations in paragraph 18 of Plaintiff's Complaint and adopts and incorporates her response to the allegations in paragraph 2 of Plaintiff's Complaint, above.

19. Defendant denies the allegations and legal characterizations in paragraph 19 of Plaintiff's Complaint and adopts and incorporates her response to the allegations in paragraph 2 of Plaintiff's Complaint, above.

20. Regarding the allegations and legal characterizations in paragraph 20 of Plaintiff's Complaint, Defendant admits that Okmulgee County falls within the historical exterior boundaries of the Muscogee (Creek) Reservation, which is in the State of Oklahoma.

21. Regarding the allegations and legal characterizations in paragraph 21 of Plaintiff's Complaint, Defendant admits that McIntosh County falls within the historical exterior boundaries of the Muscogee (Creek) and Cherokee Reservations, which are in the State of Oklahoma.

22. Regarding the allegations in paragraph 22 of Plaintiff's Complaint, Defendant admits that she maintains authority to prosecute non-member Indians who commit non-major crimes in Indian country but denies the rest. Defendant further responds that the Oklahoma Court of Criminal Appeals held in *O'Brien*, which was issued after having analyzed each of Defendant's

arguments advanced in this lawsuit, that the State of Oklahoma has authority to prosecute non-member Indians who commit non-major crimes in Indian country. *City of Tulsa v. O'Brien*, Case No. S-2023-715, 2024 WL 5001684 (Okla. Crim. App. Dec. 5, 2024). Moreover, the court in *Creek v. Kunzweiler*, Case No. 25-CV-75-GKF-JFJ (N.D. Okla.), also recently held that the State of Oklahoma has authority to prosecute non-member Indians who commit non-major crimes in Indian country. *See Id.* (Judgment, Dec. 30, 2025). Defendant further adopts and incorporates her response to the allegations in paragraph 2 of Plaintiff's Complaint, above.

23. Defendant admits that she brought the prosecutions cited in paragraph 23 of Plaintiff's Complaint—each of which involves allegations of non-major crimes by non-member Indians—and further adopts and incorporates her response to the allegations in paragraph 22 of Plaintiff's Complaint, above.

24. Regarding the allegations or legal characterizations in paragraph 24 of Plaintiff's Complaint, Defendant admits only that the defendants in the criminal cases referenced in paragraph 23 of Plaintiff's Complaint sought dismissal. Defendant further adopts and incorporates her response to the allegations in paragraph 22 of Plaintiff's Complaint, above.

25. For her response to the allegations and legal characterizations in paragraph 25 of Plaintiff's Complaint, Defendant adopts and incorporates her response to the allegations in paragraph 22 of Plaintiff's Complaint, above.

26. For her response to the allegations and legal characterizations in paragraph 26 of Plaintiff's Complaint, Defendant adopts and incorporates her response to the allegations in paragraph 22 of Plaintiff's Complaint, above.

27. Defendant denies the allegations and legal characterizations in paragraph 27 of Plaintiff's Complaint and further adopts and incorporates her response to the allegations in paragraphs 2 and 22 of Plaintiff's Complaint, above.

28. Defendant denies the allegations and legal characterizations in paragraph 28 of Plaintiff's Complaint and further adopts and incorporates her response to the allegations in paragraphs 2 and 22 of Plaintiff's Complaint, above.

29. Defendant denies the allegations and legal characterizations in paragraph 29 of Plaintiff's Complaint and further adopts and incorporates her response to the allegations in paragraphs 2 and 22 of Plaintiff's Complaint, above.

## COUNT 1

30. Defendant denies the allegations and legal characterizations realleged in paragraph 30 of Plaintiff's Complaint and further adopts and incorporates her responses to each of the paragraphs, above.

31. Regarding the allegations or legal characterizations in paragraph 31 of Plaintiff's Complaint, Defendant admits only that *McGirt v. Oklahoma* held only that, for purposes of the Major Crimes Act, the Muscogee (Creek) Reservation was not disestablished. 591 U.S. 894 (2020).

32. Defendant denies the allegations and legal characterizations in paragraph 32 of Plaintiff's Complaint and adopts and incorporates her responses to the allegations in paragraphs 2 and 6 of Plaintiff's Complaint, above.

33. Regarding the allegations in paragraph 33 of Plaintiff's Complaint, Defendant admits only that the Twenty-Fifth Prosecutorial District includes areas that fall within the historical exterior boundaries of the Muscogee (Creek) Reservations, which is in the State of Oklahoma.

34. For her response to the allegations in paragraph 34 of Plaintiff's Complaint, Defendant adopts and incorporates her response to the allegations in paragraph 2 and 22 of Plaintiff's Complaint, above.

35. For her response to the allegations in paragraph 35 of Plaintiff's Complaint, Defendant adopts and incorporates her response to the allegations in paragraph 2 and 22 of Plaintiff's Complaint, above.

## PRAYER FOR RELIEF

36. Defendant denies the prayer for relief and its subparts in Plaintiff's Complaint.

### AFFIRMATIVE DEFENSES

1. This Court lacks jurisdiction over Plaintiff's claims.

2. Plaintiff has failed to state a claim upon which relief can be granted.

3. Plaintiff has failed to join necessary parties.

4. Defendant maintains authority to prosecute non-member Indians who commit non-major crimes in Indian country.

5. Defendant reserves the right to assert any additional affirmative defenses that may become known or apparent through discovery, further investigation, or other proceedings in this action.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that her answer be deemed good and sufficient and all claims by Plaintiff against Defendant be dismissed, with prejudice, and such other and further relief, legal, equitable, including attorney's fees, be awarded Defendant.

*s/Phillip G. Whaley*
Phillip G. Whaley, OBA #13371
Grant M. Lucky, OBA #17398
Patrick R. Pearce, Jr., OBA #18802
RYAN WHALEY
400 North Walnut Avenue
Oklahoma City, OK  73104
(405) 239-6040
(405) 239-6766 FAX
pwhaley@ryanwhaley.com
glucky@ryanwhaley.com
rpearce@ryanwhaley.com

Trevor S. Pemberton, OBA #22271
PEMBERTON LAW GROUP, PLLC
600 North Robinson Avenue, Suite 308
Oklahoma City, OK 73102
P: (405) 501-5054
trevor@pembertonlawgroup.com

***Attorneys for Defendant***
***Matthew J. Ballard***

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2026, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing.

*s/Phillip G. Whaley*
Phillip G. Whaley

10