## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

THE UNITED STATES OF AMERICA,     )
                                  )
              Plaintiff,           )     Case No. 24-CV-0493-CVE
                                  )     (BASE FILE)
and                               )
                                  )     Consolidated with:
CHEROKEE NATION, and              )     Case No. 25-CV-0028-CVE
CHOCTAW NATION OF OKLAHOMA,  )
                                  )
              Intervenor Plaintiffs,     )
                                  )
and                               )
                                  )
MUSCOGEE (CREEK) NATION,          )
                                  )
              Consolidated Plaintiff,     )
                                  )
v.                                )
                                  )
CAROL ISKI,                       )
                                  )
              Defendant.           )

### DEFENDANT'S MOTION TO STAY AND BRIEF IN SUPPORT

Defendant Carol Iski, in her official capacity as District Attorney ("Defendant"), moves this Court for an order staying the proceedings in this matter during the pendency of an appeal in a related matter before the Tenth Circuit Court of Appeals in *Muscogee (Creek) Nation v. Kunzweiler*, Case No. 26-5013 (filed January 28, 2026).

### INTRODUCTION

The United States of America ("United States") initially filed this action for declaratory and injunctive relief asking the Court to enjoin Defendant "from asserting jurisdiction over and prosecuting Indians for conduct occurring in Indian country." (Doc. 2 at ¶ 44(b)). The United States was joined in its request for relief by the Intervenor Plaintiffs, the Cherokee Nation and the

1

Choctaw Nation of Oklahoma (collectively, "Intervenors"), who sought and were granted leave to intervene (Doc. 65), and filed their Complaint on April 15, 2025 (Doc. 67). The Muscogee (Creek) Nation ("MCN") filed a separate action (Case No. 6:24-cv-00493-CVE), which was consolidated herein. The United States, Intervenors, and the MCN (collectively, "Plaintiffs") all seek the same or substantially similar relief, *i.e.*, declaratory and injunctive relief that Defendant Iski is without jurisdiction to prosecute non-member Indians for crimes committed in Indian country.

Defendant Iski is the District Attorney for the Twenty-Fifth Prosecutorial District of Oklahoma, which covers Okmulgee and McIntosh Counties, and includes lands considered to be within the "Indian country" of the Cherokee and Muscogee (Creek) Nations. (Doc. 2 at ¶ 6). The United States, Intervenors, and/or the MCN have filed similar actions against other state district attorneys, including *U.S. v. Ballard*, Case No. 4:24-cv-00626-CVE-SH, and *Muscogee (Creek) Nation) v. Kunzweiler*, Case No. 25-cv-00075-JFJ. Mr. Ballard is the District Attorney for the Twelfth Prosecutorial District of Oklahoma, which encompasses Craig, Mayes, and Rogers Counties. Mr. Kunzweiler is the District Attorney for the Fourteenth Prosecutorial District of Oklahoma, which encompasses Tulsa County. These three Oklahoma District Attorneys have each prosecuted non-member Indians for the commission of non-major crimes committed within their prosecutorial districts and are sued in their official capacity as State officers.

On November 11, 2025, Judge Frizzell issued an Opinion and Order denying the MCN's request for a preliminary injunction against District Attorney Kunzweiler, finding that the State is not preempted from exercising concurrent jurisdiction over non-member Indians charged with committing crimes not covered by the MCA within Indian country. *See Muscogee (Creek) Nation v. Kunzweiler*, No. 4:25-CV-75-GKF-JFJ, 2025 WL 3124450, at *4-5 (N.D. Okla. Nov. 7, 2025). In *Kunzweiler*, the court was faced with the precise same issue that must be addressed in this

2

matter: "[T]he issue presented in this case is whether the Tulsa County District Attorney may assert concurrent criminal jurisdiction over Indians who are not members of the Muscogee (Creek) Nation (hereinafter referred to as "nonmember Indians") and who are alleged to have committed crimes not covered by the Major Crimes Act (MCA) within the Nation's Reservation." *Id*. at *1. On December 30, 2025, the court entered Judgment on the merits in favor of Defendant Kunzweiler, consistent with its ruling on the motion for preliminary injunction. (*MCN v. Kunzweiler*, Doc. 90). The MCN appealed the judgment to the Tenth Circuit Court of Appeals on January 28, 2026 (Case No. 26-5013).

The *Kunzweiler* appeal involves precisely the same legal issues and similar and overlapping parties. A stay of the instant action pending resolution of the related appeal would promote judicial economy and avoid confusion and potentially inconsistent results. Further, a stay would not unduly prejudice the parties or create undue hardship on Plaintiffs, who have likewise expressed a desire to streamline the proceedings. Accordingly, the Court should exercise its substantial discretion to enter a stay of the instant proceedings during the pendency of the *Kunzweiler* appeal.

## <u>ARGUMENT AND AUTHORITIES</u>

A district court "has the inherent authority to control its docket, which includes the power to stay cases in the interest of judicial economy." *Thompson v. Averill*, No. 24-CV-0322-CVE-MTS, 2025 WL 472367, at *3 (N.D. Okla. Feb. 12, 2025). "[D]istrict courts also have … general discretion to defer proceedings pending an outcome in another forum." *Kimery v. Broken Arrow Pub. Sch.*, No. 11-CV-0249-CVE-PJC, 2011 WL 2912696, at *4 (N.D. Okla. July 18, 2011). "The simultaneous prosecution in two different courts of cases relating to the same parties and issues

3

'leads to the wastefulness of time, energy and money.'" *Cessna Aircraft Co. v. Brown*, 348 F.2d 689, 692 (10th Cir. 1965).

In *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936), the U.S. Supreme Court held that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." A decision to stay proceedings pending an outcome in another forum, including one where the parties or issues are not identical, "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id*. "Applying *Landis*, courts have recognized that 'a trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.'" *Kimery*, 2011 WL 2912696, at \*4 (granting motion to stay pending resolution of related proceedings). And, in *United Steelworkers of Am. v. Oregon Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003), the Tenth Circuit held that the district court properly exercised it jurisdiction to stay an action during the pendency of a related proceeding involving a review of an Environmental Protection Agency decision.

In *United Steelworkers*, the Tenth Circuit instructed district courts to consider the following factors in assessing the propriety of a stay: "whether the defendants are likely to prevail in the related proceeding; whether, absent a stay, the defendants will suffer irreparable harm; whether the issuance of a stay will cause substantial harm to the other parties to the proceeding; and the public interests at stake." *Id*. As to the harm to the parties and the public interest, the "[f]actors relevant to the court's decision are (1) whether a stay would promote judicial economy; (2) whether a stay would avoid confusion and inconsistent results; and (3) whether a stay would unduly prejudice the

parties or create undue hardship." *Alzheimer's Inst. of Am. v. Comentis, Inc.*, CIV-09-1366-F, 2010 WL 11508734, at *2 (W.D. Okla. Dec. 17, 2010)

The State, and its District Attorneys, is likely to prevail in the *Kunzweiler* appeal. After reviewing all the pleadings and conducting an evidentiary hearing, Judge Frizzell conducted a thorough and well-reasoned analysis of the position of the tribe and concluded that the MCN failed to meet its burden as to **all four factors** of the injunction analysis. Most importantly, the court found that the U.S. Supreme Court's opinion in *Oklahoma v. Castro-Huerta*, 597 U.S. 629 (2022), "sets forth the preemption analysis by which issues of a State's criminal jurisdiction in Indian country must be evaluated and decided." 2025 WL 3124450, at *2. In particular, the Court stated: "[i]n short, the Court's precedents establish that Indian country is part of a State's territory and that, unless preempted, States have jurisdiction over crimes committed in Indian country." *Id*. (quoting *Castro-Huerta*, 597 U.S. at 637-38). State jurisdiction may be preempted "(i) by federal law under ordinary principles of federal preemption, or (ii) when the exercise of state jurisdiction would unlawfully infringe on tribal self-government." *Id*. (quoting *Castro-Huerta*, 597 U.S. at 638, 652-653). The court found that "defendant is not preempted by federal law under ordinary principles of federal preemption from asserting concurrent criminal jurisdiction over nonmember Indians charged with committing crimes not covered by the MCA within the Nation's Reservation." *Id*. at *4. Further, the court concluded "that the Nation has not met its burden of showing that the exercise of concurrent state jurisdiction over nonmember Indians unlawfully infringes on tribal self-government." *Id*. at *5.

According to the district court, all five of the tribe's arguments were "variants on a common theme—that state courts have no concurrent jurisdiction to try nonmember Indians unless authorized by Congress, and that the preemption analysis contained in [*Castro-Huerta*] cannot be

5

applied in this case." 2025 WL 3124450, at *1. This common theme observed by the court, and the legal argument the tribe raised there, is precisely what Plaintiffs argue is the controlling legal issue here (*i.e.*, "Plaintiffs' briefing establishes that states do not have criminal jurisdiction over Indians in Indian country absent express authorization from Congress" and the "Bracker balancing" analysis from Castro-Huerta is not applicable). *See* Joint Status Report (Doc. 125), at 2-4. And the Court conclusively rejected each of the tribe's five arguments, concluding in relevant part that "the Supreme Court has not established an inflexible *per se* rule precluding state jurisdiction in Indian country in the absence of express congressional consent." 2025 WL 3124450, at *3.

Absent a stay, the State and Defendant Iski will suffer harm resulting from continuing to defend this related action over the exact same legal issue after already prevailing once in *Kunzweiler*. As the Tenth Circuit has long held, permitting two different cases relating to the same parties and issues to proceed simultaneously in multiple courts "leads to the wastefulness of time, energy and money." *Cessna Aircraft Co.*, 348 F.2d at 692. By contrast, a stay would promote judicial economy. In particular, it would save the State and Defendant Iski from additional time and expense associated with discovery, motion practice, and/or the conduct of an evidentiary hearing in the instant proceeding. Additionally, a stay here would avoid the potential for confusion and inconsistent results. Because Judge Frizzell has ordered that the State <u>can</u> prosecute non-member Indians for non-major crimes in the Fourteenth Prosecutorial District of Oklahoma, an inconsistent ruling here would create a different outcome in a nearby Prosecutorial District of Oklahoma. Such inconsistency is disfavored. And in any event, because a binding appellate decision will address the precise issue here, this Court would undoubtedly benefit from delaying resolution until the Tenth Circuit speaks directly to the State's jurisdiction over non-member

6

Indians for non-major crimes. Finally, Plaintiffs would not suffer any undue prejudice or hardship as a result of a stay. According to the Joint Status Report, Plaintiffs also seek to reduce cost and expense by postponing discovery, motion practice, and or the need for an evidentiary hearing by focusing on a single legal issue. *See* Joint Status Report (Doc. 113), at 2-4. While Defendant opposes the merits of such a bifurcated approach to briefing for the reasons set forth in the Joint Status Report (Doc. 113, at 5-8), it remains obvious that the legal question Plaintiffs seek to have this Court consider is the precise one that Judge Frizzell decided in the State's favor—and that is the subject of the *Kunzweiler* appeal.

Finally, the public interest weighs in favor of a stay for these same reasons. As Judge Frizzell held, "the State has a strong interest in the exercise of concurrent jurisdiction over nonmember Indians alleged to have committed non-major crimes on the Nation's Reservation." 2025 WL 3124450, at *5. And further, "[t]he State has a strong sovereign interest in ensuring public safety and criminal justice within its territory, and in protecting all crime victims," both Indian and non-Indian. *Id.* (quoting *Castro-Huerta*, 597 U.S. at 651). The public interest is best served by permitting the State to focus on public safety and criminal justice within its territory and to avoid the additional time and expense of defending yet another action seeking the same relief on which the State has already prevailed in this judicial district.

## CONCLUSION

For these reasons, the Court should exercise its jurisdiction to stay the instant proceedings during the pendency of the appeal in the related *Kunzweiler* action. It is undisputed that the issues faced by the Tenth Circuit are directly relevant to the relief Plaintiffs seek here. A stay of the instant action pending resolution of the related appeal would promote judicial economy and the orderly administration of justice and avoid the potential for confusion and inconsistent results.

Date: April 1, 2026                          Respectfully submitted,

                                             *s/Phillip G. Whaley*
                                             Phillip G. Whaley, OBA #13371
                                             Grant M. Lucky, OBA #17398
                                             Patrick R. Pearce, Jr., OBA #18802
                                             RYAN WHALEY
                                             400 North Walnut Avenue
                                             Oklahoma City, OK  73104
                                             (405) 239-6040
                                             (405) 239-6766 FAX
                                             pwhaley@ryanwhaley.com
                                             glucky@ryanwhaley.com
                                             rpearce@ryanwhaley.com

                                             Trevor S. Pemberton, OBA #22271
                                             PEMBERTON LAW GROUP PLLC
                                             600 North Robinson Avenue, Suite 323
                                             Oklahoma City, OK 73102
                                             P: (405) 501-5054
                                             trevor@pembertonlawgroup.com

                                             **Attorneys for Defendant**
                                             **Carol Iski**


## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2026, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing.

                                             *s/Phillip G. Whaley*
                                             Phillip G. Whaley